# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

July 8, 2013

Michael P. Kolpack
Pro Se
1150 Deutz Avenue
Trenton, NJ 08611

Commissioner of Social Security          **Letter Memorandum and Order**
635 S, Clinton Avenue
Roebling Market
Trenton, NJ 08611-1831

        RE:    **Michael P. Kolpack v. Commissioner of Social Security**
                <u>**Civil Action No.: 3:13-CV-02257-FLW**</u>

**Dear Litigants:**

    This letter resolves Plaintiff's currently pending Application for Pro Bono Counsel, filed on June 1, 2013. Plaintiff has filed a Complaint with this Court challenging the final decision of the Commissioner of Social Security under the provisions of § 205(g) of the Social Security Act and U.S.C. § 405(g). The Appeals Council denied Plaintiff's Request for Review on July 5, 2012.

    Pursuant to 28 U.S.C. § 1915(e), district courts have the discretion to appoint pro bono counsel to represent an indigent plaintiff in a civil action. *See Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007). In determining whether to appoint pro bono counsel, courts must consider the factors set forth by the Third Circuit in *Tabron v. Grace*. These factors are whether:

    (1) the claim has some merit;

    (2) the *pro se* party lacks the ability to present an effective case without an attorney;

(3) the legal issues are complex or, the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;

(4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;

(5) the case is likely to turn on credibility determinations;

(6) the case will require expert testimony; and,

(7) the party is unable to attain and afford counsel on his/her own behalf.

*Brandt v. Ganey*, No. 3:06-CV-5639-FLW, 2008 WL 5416393 (D.N.J. Dec. 22 2008) (citing *Tabron v. Grace*, 6 F.3d 147, 156-157 (3rd Cir. 1993)). The list of factors is not exhaustive, nor is any single factor determinative. *Tabron*, 6 F.3d at 157.

Applying the *Tabron* factors to the instant case, the Court finds that the appointment of counsel is not appropriate. First, Plaintiff has not alleged enough in his Complaint for this Court to determine whether his claim has merit; in that regard, Plaintiff states only that he "disagree[s] with the decision in [his] case because it is not supported by substantial evidence." Second, Plaintiff has not alleged that he has a limited understanding of, or ability to use, the English language. To the contrary, in the papers filed with this Court, Plaintiff has demonstrated an ability to effectively communicate in English. Third, the legal issues in this case do not appear to be complex. Plaintiff simply requests a review of a decision made by the Commissioner of Social Security. Fourth, because this is an appeal, there does not appear to be any need for extensive discovery or the testimony of expert witnesses. Thus, the burden of factual investigation – if any – is not onerous. Fifth, Plaintiff claims that he has been unable to secure counsel because his case was "highlighted and flagged." Plaintiff does not, however, explain what this means, and thus, the Court cannot weigh this factor appropriately. Finally, there is no evidence that Plaintiff was unable to afford counsel. Rather, Plaintiff claims that he has tried to secure counsel, but that he could not because his case was "highlighted and flagged."

Accordingly, having weighed the *Tabron* factors, Plaintiff's Application for Pro Bono Counsel is **DENIED**.

**SO ORDERED.**

Very truly yours,

    /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge